UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 12-9669 GAF (MRWx) | Date | December 7, 2012 |
|---|---|---|---|
| Title | Martingale Investments LLC v. Leonard Starks et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**      **(In Chambers)**

ORDER REMANDING CASE

I.
INTRODUCTION & BACKGROUND

    Plaintiff Martingale Investments, LLC ("Plaintiff") filed this unlawful detainer action against Defendants Leonard and Christi Starks in Los Angeles County Superior Court.  (Docket No. 1 [Not. of Removal ("Not.")], Ex. 1 [Complaint ("Compl.")].)  Plaintiff alleges that it purchased Defendants' real property in Compton, California, by virtue of a lawful foreclosure sale on August 29, 2012, that Defendants refuse to quit the premises, and that Plaintiff has accrued damages at the rate of $46.67 per day since September 25, 2012.  (Id. ¶¶ 4, 12–15.)

    Defendants removed the action to this Court, asserting "[t]he grounds for such removal is [sic] being based on claims 'arising under' federal law" and that "[t]his matter and this Case is that of complete diversity."  (Not. at 1–2.)  Though Defendants do not cite to 28 U.S.C. §§ 1331 and 1332, the Court construes these statements as allegations of federal question and diversity jurisdiction, respectively.  Plaintiff has filed a motion to remand the case for lack of subject matter jurisdiction.  (Docket No. 3 [Motion to Remand].)  For the reasons set forth below, the Court concludes, sua sponte, that Defendants have failed to establish this Court's subject matter jurisdiction.  Accordingly, the Court **REMANDS** the case to state court and **DENIES** the motion **as moot**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9669 GAF (MRWx) | Date | December 7, 2012 |
|---|---|---|---|
| Title | Martingale Investments LLC v. Leonard Starks et al | | |

## II.
## DISCUSSION

**A. LEGAL STANDARD**

   Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."). The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

   Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b). "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 556 U.S. 49, 50 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Rather, a case may "arise under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28–29. However, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted). "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Id.

   Additionally, federal courts have jurisdiction (1) on the basis of diversity of citizenship where the amount in controversy exceeds $75,000 and the matter is between citizens of different states; and (2) over all cases under the Bankruptcy Code. See 28 U.S.C. §§ 1332(a), 1334(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9669 GAF (MRWx) | Date | December 7, 2012 |
|---|---|---|---|
| Title | Martingale Investments LLC v. Leonard Starks et al | | |

**B. APPLICATION**

    **1. FEDERAL QUESTION JURISDICTION**

    Defendants contend that the Court has jurisdiction under 28 U.S.C. § 1331. (Not. at 2.) It is undisputed, however, that Plaintiff's Complaint does not explicitly plead a federal cause of action. Nor is there any basis for finding that Plaintiff engaged in artful pleading to defeat removal of a legitimate federal claim by attempting to disguise its claim as one arising under state law. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981). "An unlawful detainer action is a true state law claim." Homesales, Inc. v. Frierson, No. CV 08-08607, 2009 WL 365663, at *2 n. 8 (C.D. Cal. Feb. 11, 2009).

    Therefore, removal jurisdiction is lacking, even if Defendants intend to assert a defense based exclusively on federal law. See Valles, 410 F.3d at 1075 ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court."); see also U.S. Nat'l Ass'n v. Almanza, No. 1:09–CV–28, 2009 WL 161082, at *2 (E.D. Cal. Jan. 22, 2009) (remanding state unlawful detainer case because "[r]elying on a defense of RESPA and/or TILA is insufficient to create a federal question"). Accordingly, the Court determines that it does not have federal question jurisdiction over this case.

    **2. DIVERSITY JURISDICTION**

    As noted above, diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Defendants have failed to properly allege the citizenship of any of the parties. A "natural person's state citizenship is [] determined by her state of domicile, not her state of residence." Kanter v. Warner-Lambert Co., 265 F.3d 852, 857–58 (9th Cir. 2001). Here, Defendants allege only that "the Defendants and Moving Party, Leonard Starks' and Christi Starks' citizenship was that of the United States of America, and the Moving Party, Leonard Starks' and Christi Starks' current residence is that of the State of California." (Not. at 2.) Defendants allege no facts at all with respect to Plaintiff's citizenship.

    Furthermore, Defendants have not adequately alleged the requisite amount in controversy. The amount in controversy is determined from the face of the complaint. See, e.g., Cabot v. Combet-Blanc, No. CV 10–05728, 2012 WL 95613, at *2 (C.D. Cal. Jan. 11, 2012). Because Plaintiff is seeking damages in daily rent, the appropriate measure for determining the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-9669 GAF (MRWx) | Date | December 7, 2012 |
|---|---|---|---|
| Title | Martingale Investments LLC v. Leonard Starks et al | | |

controversy is the rental value of the property, not the value of the property as a whole.  <u>Bally Total Fitness Corp. v. Contra Costa Retail Ctr.</u>, 384 B.R. 566, 571 (Bkrtcy. N.D. Cal. 2008).  Thus, the amount in controversy in this action, as of today, is $3,406.91.  Therefore, Defendants cannot establish the minimum amount in controversy and diversity jurisdiction is lacking in this case.

### III.
### CONCLUSION

For the foregoing reasons, Defendants have not established federal subject matter jurisdiction in this case.  Accordingly, the Court **REMANDS** the action to Los Angeles County Superior Court and **DENIES** Plaintiff's Motion **as moot**.  The hearing presently scheduled for December 17, 2012, is hereby **VACATED**.

**IT IS SO ORDERED.**